UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS HERNANDEZ, individually and on behalf of all others similarly-situated | Docket No. 19 Civ. 6825 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TAMRAK MANAGEMENT INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Carlos Hernandez ("Plaintiff"), by and through his attorneys at Filosa Graff LLP, as and for his Complaint in this action against Defendant Tamrak Management Inc. ("Defendant" or "Tamrak" or the "Company") alleges upon personal knowledge and upon information and belief as to other matters as follows:

## NATURE OF THE CLAIMS

1. This is a class and collective action brought by Plaintiff, a residential building superintendent employed by Defendant, on his own behalf and on behalf of the proposed classes identified below, against Defendant, a property management company that does business in New York City, for failure to pay Plaintiff and the members of the proposed classes in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and/or New York Labor Law ("NYLL").

2. Plaintiff brings this collective and class action to recover (i) overtime compensation that Defendant failed to pay Plaintiff and the members of the proposed collective action pursuant to the FLSA, (ii) minimum wage compensation that Defendant failed to pay to

1

Plaintiff and the members of the proposed class action pursuant to the NYLL, and (iii) damages related to Defendant's failure to provide Plaintiff and the members of the proposed class action with accurate pay notices and wage statements required by NYLL § 195.

3. Plaintiff seeks to represent a collective and class made up of all persons who are or have been employed by Defendant as a Superintendent, or other similar job title, at any of the properties managed by Defendant during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

## THE PARTIES

6. Plaintiff Carlos Hernandez resides in Bronx County, New York. Plaintiff Hernandez was employed by Defendant from in or around February 2017 through June 5, 2019 as the residential superintendent for the building that Defendant manages that is located at 679-681 Magenta Street, Bronx, NY 10467. At all relevant times, Plaintiff Hernandez was an "employee" within the meaning of the FLSA and NYLL.

7. Defendant Tamrak Management Inc. is a domestic business corporation organized and existing under the laws of the State of New York. The principal address on file for the Company with the New York Department of State is 1581 Route 202, Suite 312, Pomona, NY 10970. Upon information and belief, the Company's principal place of business is located at 972

Route 45, Suite 204, Pomona, NY 10970. At all relevant times, Defendant Tamrak Management Inc. was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings this action on behalf of himself and other employees similarly situated, as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been employed by Defendant as Superintendent or other similar job title at any location operated by Defendant anywhere in the United States from three (3) years prior to this action's filing date through the date of the final disposition of this action.

9. Defendant employed Plaintiff and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action; however, Defendant classified Plaintiff and the members of the FLSA Collective Action as salaried employees and paid them a flat, weekly salary, regardless of the number of hours that they worked.

10. During the FLSA Collective Action Period, upon information and belief, Defendant employed more than 40 employees who fall within the FLSA Collective Action.

11. Defendant meets the definition of an "employer" under the FLSA. By way of example only, Defendant's employees supervised Plaintiff and directed the work performed by Plaintiff and the members of the FLSA Collective Action.

12. Defendant controlled how much Plaintiff and the FLSA Collective Action members are/were paid, maintained all time and pay records for the FLSA Collective Action members, assigned and supervised all of the tasks given to the FLSA Collective Action members, and/or maintained and exercised control as to how the FLSA Collective members were to perform their tasks.

13. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek. However, Defendant misclassified them as salaried, exempt employees and, as a result, failed to pay Plaintiff and the FLSA Collective Action members any overtime premiums when they worked in excess of 40 hours in a given workweek.

14. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Action members.

15. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members. There are potentially more than 40 similarly situated current and former employees of Defendant who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

16. Plaintiff bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been employed by Defendant as Superintendent or other similar job title at any location operated by Defendant in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

17. During the time period relevant to the New York Class, Defendant, as a matter of policy, (i) did not pay Plaintiff or the New York Class the applicable minimum wage required by the Minimum Wage Order for the Building Service Industry ("Minimum Wage Order"), (ii) did not pay Plaintiff of the members of the New York Class any compensation for work performed at

4

the Company's locations other than the location where the employee resided; (iii) failed to provide the pay notice required by NYLL § 195(1) (iv) failed to furnish correct and accurate wage statements with the specific information required by NYLL § 195(3) and/or the Minimum Wage Order.

18. The facts as alleged in Paragraphs 8-15 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

19. Defendant failed to make, keep and/or preserve accurate records with respect to Plaintiff and the New York Class and failed to furnish to Plaintiff and the members of the New York Class an accurate statement an appropriate statement of wages, in violation of the NYLL and the Minimum Wage Order regulations.

20. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendant employed more than 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

21. Typicality: Plaintiff's claims are typical of the members of the proposed New York Class. During the New York Class period, Defendant subjected Plaintiff and the members of the New York Class to same policy and practice of failing to pay them minimum wage required by the Minimum Wage Order and failed to issued required pay notices and wage statements.

22. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

24. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. Whether Defendant violated the NYLL as alleged herein;

    b. Whether Defendant unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of the NYLL;

    c. Whether Defendant employed Plaintiff and the New York Class within the meaning of New York law;

    d. Whether Defendant should be enjoined from continuing the practices that violate the NYLL;

    e. What the proper measure of damages sustained by the New York Class are; and

    f. Whether Defendant's actions were "willful."

25. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

26. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant' practices.

27. Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendant.

## INDIVIDUAL FACTUAL ALLEGATIONS

**Plaintiff Carlos Hernandez**

28. As outlined above, Defendant employed Plaintiff Hernandez as a Superintendent at Defendant's 679-681 Magenta Street location in the Bronx from approximately February 2017 through June 5, 2019.

29. As outlined herein, Defendant also meets the definition of "employer" under the FLSA and NYLL.

30. Throughout the course of his employment, Defendant paid Plaintiff Hernandez a fixed, weekly salary, regardless of the number of hours that he worked. Initially, Defendant paid Plaintiff Hernandez a salary of $700 per week, but reduced that to $600 per week in or around November 2018.

31. During the course of his employment with Defendant, Plaintiff Hernandez resided in an apartment in Defendant's 679-681 Magenta Street location. Plaintiff Hernandez was provided this residence by Defendant for the express purpose of being available to provide services on a 24-hour basis.

32. Defendant's 679-681 Magenta Street location has approximately 74 residential units.

33. The Minimum Wage Order provides that, for employers with ten or more employees, "janitors" employed in the building service industry must be paid the following per rates per unit, per week:

   a. $7.35 per unit from December 31, 2016 to December 31, 2017;

   b. $8.65 per unit from December 31, 2017 to December 31, 2018; and

   c. $10.00 per unit after December 31, 2018.

34. Under the Minimum Wage Order, Defendant was required to pay Plaintiff the following minimum weekly rates:

   a. $543.90 (or $7.35 x 74 units) from December 31, 2016 to December 31, 2017;

   b. $640.10 (or $8.65 x 74 units) from December 31, 2017 to December 31, 2018;

   c. $740.00 (or $10.00 x 74 units) after December 31, 2018.

35. When Defendant reduced Plaintiff Hernandez's weekly rate from $700/week to $600/week in or around November 2018, Defendant was no longer paying Plaintiff Hernandez a weekly rate that exceeded the minimum wage set by the Minimum Wage Order.

36. Upon information and belief, Defendant also failed to pay other members of the New York Class the minimum wage required by the Minimum Wage Order.

37. During the course of his employment with Defendant, Plaintiff Hernandez was not only responsible for performing work at Defendant's 679-681 Magenta Street location, but was also frequently required by Defendant to perform work at other Company properties.

38. Defendant never paid Plaintiff Hernandez any additional compensation for work that he performed at these other Company properties.

39. Plaintiff Hernandez typically worked long hours and was called to perform work for the Company at all hours of the day and night. Plaintiff Hernandez estimates that, on average, he spent 61 hours per week working at the Company's 679-681 Magenta Street location.

40. Specifically, Plaintiff Hernandez typically worked from 7:00 am to 6:00 pm, Monday to Friday, a total of eleven (11) hours per day, and an additional two (2) hours on Saturdays and an additional four (4) hours on Sundays, for a total of 61 hours per week.

41. Defendant was aware of the work that Plaintiff Hernandez was performing and the hours that he was working. Indeed, Defendant required Plaintiff Hernandez to be on call 24 hours a day, 7 days per week. As a result, Plaintiff Hernandez was required to respond to calls from residents of Defendant's buildings at all hours of the day and night.

42. Defendant never paid Plaintiff Hernandez any additional compensation for working in excess of 40 hours per week in a given workweek.

## **FIRST CAUSE OF ACTION**
**(FLSA: Failure to Pay Overtime Compensation)**

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. During the relevant time period, Plaintiff and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because Defendant paid

Plaintiff and the members of the FLSA Collective Action a fixed, weekly salary, Defendant did not pay them appropriate overtime compensation.

45. Despite the hours worked by Plaintiff and the members of the FLSA Collective Action, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff and the members of the FLSA Collective Action appropriate overtime compensation.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

47. Plaintiff and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(NYLL: Unpaid Minimum Wage)**

48. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

49. As outlined above, Defendant's pay practices failed to pay Plaintiff and the members of the New York Class a minimum wage required by the NYLL and the Minimum Wage Order.

50. Accordingly, Plaintiff and the members of the New York Class are entitled to the difference between the NYLL minimum wage and the wages paid by Defendant as damages for Defendant' violations of the NYLL and Minimum Wage Order's minimum wage provisions.

51. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiff and the

members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

## THIRD CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements)**

53. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

54. During the relevant time period, Defendant failed to provide Plaintiff and the members of the New York Class with the pay notice required by NYLL 195(1).

55. Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $5,000 for each violation.

56. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
**(NYLL: Failure to Furnish Wage Statements)**

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

58. During the relevant time period, Defendant failed to furnish Plaintiff and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

59. Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff and the members of the New York Class in the amount of $5,000 for each violation.

60. In addition to statutory penalties, Plaintiff and the members of the New York Class are entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A. That the Court finds Defendant to have violated the provisions of the New York Labor Law as to Plaintiff and the members of the New York Class;

B. That the Court finds Defendant to have violated the Fair Labor Standards Act as to Plaintiff and the members of the FLSA Collective Action;

C. That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D. That the Court determines that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23.

E. That the Court determine that Defendant's violations were willful;

F. An award to Plaintiff and the members of the FLSA Collective Action and New York Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

G. An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

H. An award of liquidated damages pursuant to the NYLL;

I. That Court find that Defendant must cease and desist from unlawful activities in violation of the FLSA and NYLL;

J. An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

K. Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: July 23, 2019

FILOSA GRAFF LLP

By: _____
Gregory N. Filosa (GF-5860)

111 John Street, Suite 2510
New York, NY 10038
Tel.: (212) 256-1780
Fax.: (212) 256-1781
gfilosa@filosagraff.com

COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES