USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carlos Hernandez,

                Plaintiff,

-against-

Tamrak Management, Inc.,

                Defendant.

<u>ORDER</u>

**19-cv-6825 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This action was brought under the Fair Labor Standards Act and the New York Labor Law and is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c). The parties, having reached an agreement in principle to resolve the action, placed their proposed settlement agreement before this Court for approval during a settlement conference held on March 3, 2020. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). For the reasons stated in the record, it is hereby ORDERED that:

      1.    The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

      2.    The Court notes that this Order does not incorporate the terms of the parties' proposed agreement. Further, the settlement agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791

F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); see also Mao v. Mee Chi Corp., No. 15cv1799 (JCF), 2016 WL 6754342, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing Hendrickson, 791 F.3d at 358-59)).

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
March 30, 2020

SO ORDERED

_____
KATHARINE H. PARKER
United States Magistrate Judge

Copies to:

All counsel (via ECF)